IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALAL EL-AMEEN MUHAMMED     *
        Petitioner,
v.     *    CIVIL ACTION NO. CCB-12-857

DOUGLAS F. GANSLER, *et al.*     *
        Respondent.
                                ***

## **MEMORANDUM**

On March 15, 2012, Balal El-Ameen Muhammed ("Muhammed"), also known as Ernest Dexter Cardozo Jr., filed a petition for writ of habeas corpus seeking release from the Baltimore City Detention Center and other miscellaneous relief. ECF No.1. He claims that he is being held in violation of his First, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights and Maryland law.[1]

Muhammed complains that he is being falsely required to register as a sexual predator/deviant and has been unlawfully detained for the failure to register "on time." He states that in 1981 he was convicted of simple rape in Massachusetts and received a five to seven year sentence. Muhammed alleges that before the completion of that sentence he was committed to a "one day to natural life sentence" served at the Massachusetts Bridgewater Treatment Center for "sexually dangerous persons" where he remained until 1992, when he was released without conditions. *Id.* at p. 2.

Muhammed further claims that in 1993 he moved to Augusta, Georgia and in 2000 he

---

[1] Muhammed has also filed motions to proceed *pro se*, to issue service of process, for waiver of filing fees, and for a preliminary injunction. (ECF Nos. 2-5.) The motions to proceed *pro se* and for waiver of filing fees shall be granted. The remaining motions shall be denied.

1

relocated to Richmond, Virginia where he lived for four years. He states that during the past eleven years he lived in both towns as a "model citizen." *Id.* at p. 3. He asserts that he subsequently moved to Baltimore and in 2011, when he was denied a security clearance by the Maryland State Police, he was deemed to be a sexual offender/predator because of his 1981 conviction. ECF No. 1 at p. 3. Muhammed also contends that Massachusetts authorities falsely informed the Baltimore City Police Department that he had violated state law by leaving Massachusetts without permission. He claims that he cannot be in violation because his release from Bridgewater remains "unconditional." *Id.* at p. 4. Muhammed asserts that his due process rights and liberty interests are being violated and his criminal sentence has been increased long after his 1992 release.

The court notes that Muhammed raises potentially serious concerns about his detention. However, Muhammed must pursue those claims either in the Maryland state court, in whose custody he currently resides, or in Massachusetts, the state of the underlying conviction at issue. To the extent that Muhammed is seeking federal court review of and intervention into his pending detention, his action must be construed as a 28 U.S.C. § 2241 petition for habeas corpus relief and shall be dismissed. Unless extraordinary circumstances are present, a federal court may not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-27 (5th Cir. 1987). There is no showing that Muhammed has exhausted his state court remedies or that his claims warrant federal intrusion.[2]

---

[2] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless petitioner demonstrates both "1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and 2) that jurists

Further, insofar as Muhammed is seeking to file a civil rights complaint under 42 U.S.C. § 1983 regarding the criminal charges recently filed against him, he is precluded from doing so. Any claim for damages or declaratory relief based on his arrest and detention would be premature unless and until Muhammed's charges are dismissed with prejudice or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Muhammed cannot make that showing at this time.

For the aforementioned reasons, the case will be dismissed. A separate Order follows.

Date: April 30, 2012.

_____
Catherine C. Blake
United States District Judge

---

of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal quotations omitted). Muhammed fails to satisfy this standard or show substantial denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied.